IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD M. HARLEM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security | : | No.  14-2971 |

## MEMORANDUM ORDER

**DITTER, J.**                                                    **March 30, 2016**

Upon consideration of the administrative record, pleadings, the Report and

Recommendation, and objections thereto, I make the following findings and reach the

following conclusions:

1.  Edward M. Harlem brought this action pursuant to 42 U.S.C. § 405(g)
    seeking judicial review of the decision of Carolyn W. Colvin, Acting
    Commissioner of the Social Security Administration, denying his
    application for social security income ("SSI") under Title XVI of the Social
    Security Act.  On June 30, 2015, the Honorable Richard A. Lloret, United
    States Magistrate Judge, filed a Report and Recommendation
    recommending that judgment be entered in favor of Defendant, affirming
    the decision of the Commissioner.  Plaintiff has filed objections to the
    Report and Recommendation arguing that the Magistrate Judge failed to
    properly consider and analyze his arguments in denying his motion for
    relief.

2.  The district court undertakes a *de novo* review of the portions of the Report
    and Recommendation to which Plaintiff has objected.  *See* 28 U.S.C. §
    636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011).  The Court
    "may accept, reject, or modify, in whole or in part, the findings or
    recommendations made by the magistrate judge."  28 U.S.C.
    § 636(b)(1).  I must review the factual findings presented to determine if
    they are supported by "substantial evidence in the record."  42 U.S.C. §

405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "In order to establish a disability under the Social Security Act, a claimant must demonstrate there is some 'medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period.'" *Plummer*, 186 F.3d at 427 (citations omitted).

3.  Plaintiff objects to the Magistrate Judge's conclusion that he failed to meet the criteria for Listing 12.05(C) at Step 3 of the five-step sequential evaluation.[1] More specifically, he argues that the ALJ (1) failed to properly analyze his intellectual functioning and consider whether he manifested "adaptive functioning" deficits before the age of 22; (2) erroneously weighed the opinion of a medical expert; and (3) erred in failing obtain medical expert testimony to determine whether his impairments were equivalent to Listing 12.05(C). After consideration of all of the arguments and evidence, I shall adopt and affirm the report and recommendation of the Magistrate Judge.

4.  The ALJ and the Magistrate Judge thoroughly reviewed the medical evidence and set forth specific reasons for finding that Plaintiff did not meet Listing 12.05(C).[2] *See Markle*, 324 F.3d at 187. As the Magistrate Judge pointed out, the lengthy medical evidence was consistent with borderline intellectual functioning. Moreover, Plaintiff has not been shown to have significant deficits in adaptive functioning. In addition to the medical evidence, the record shows that Plaintiff graduated from Lincoln Technical Institute's Personal Computer Support Tech program after completing 36 program credits. The ALJ also found that Plaintiff had little difficulty answering questions during the administrative hearing. The ALJ's

---

[1] If a claimant satisfies Step 3, he is considered disabled *per se*. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

[2] The Third Circuit has held that "[t]o meet the requirements of § 12.05C a claimant must i) have a valid verbal, performance or full scale IQ of 60 through 70, ii) have a physical or other mental impairment imposing additional and significant work-related limitations of function, and iii) show that the mental retardation was initially manifested during the developmental period (before age 22)." *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003). The Magistrate Judge concluded that Plaintiff met the first two prongs of the *Markle* test but failed to meet the third prong because Plaintiff's intellectual difficulties did not rise to the level of impairment required by the Listings and because he failed to demonstrate deficits in adaptive functioning manifesting prior to the age of 22.

conclusion that Plaintiff failed to meet Listing 12.05(C) is supported by substantial evidence.

5.     In his second objection, Plaintiff disputes the ALJ's reliance on the opinion of Dr. Paul Taren, a non-examining, non-treating medical source. Dr. Taren's conclusions are substantiated by the bulk of the medical record, including reports by Dr. Marged Lindner in 1999 and Dr. Anthony Galdieri in 2010. *See* 20 C.F.R. § 416.927(c)(4) (more weight will be given to an opinion which is consistent with the record as a whole). Consequently, the ALJ's decision to accord significant weight to Dr. Taren's opinion is supported by substantial evidence.

6.     In his third objection, Plaintiff contends that he was entitled to medical expert testimony to determine if his cognitive impairment was equivalent in severity and duration to Listing 12.05(C). As the Magistrate Judge noted, five psychologists set forth opinions in this case (Dr. Taren, Dr. Moss, Dr. Lindner, Dr. Galdieri, and Joanne Buzzetta, M.A.). The ALJ's decision that a sixth consultation was not necessary is supported the medical reports and evidence already in the medical record. The ALJ's decision is supported by substantial evidence.

Therefore, **I HEREBY ORDER** that:

1.     Plaintiff's objections (Doc. No. 21) are **OVERRULED** and the Report and Recommendation is **APPROVED AND ADOPTED**;

2.     The Plaintiff's request for review is **DENIED;**

3.     **JUDGMENT IS ENTERED** in favor of the Commissioner; and

4.     The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

J. WILLIAM DITTER, JR., J.

3